## WINSOR *versus* CLARK & *als.*

In a disclosure upon a poor debtor's bond, a surety upon the bond is incompetent to act as one of the justices of the peace and quorum.

But, if the debtor take the prescribed oath before two justices of the peace and quorum, of whom a surety on his bond is one, the damage for the breach of the bond is to be assessed under the provisions of the Act of 1848, c. 85, § 2.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

DEBT on a poor debtor's relief bond.

The debtor took the oath prescribed by the statute, before two justices of the peace and quorum, one of whom was surety upon the bond.

There was evidence tending to show, that all objections to the justices were waived, and also evidence that this waiver extended only to the residence of the magistrate. The defendant requested the instruction, that if the jury, under the instructions of the Court, should find the conditions of the bond had been broken, that the plaintiffs were entitled to only nominal damages, no evidence on that point being offered.

The jury were instructed, *that* if one of the justices was found to have been a surety on the bond, he would be incompetent by reason of interest to act as one of the justices, and their proceedings would be void, and their certificate would be no protection, unless the jury found that the creditor by his attorney at the time the justices were selected, agreed that he should act, or waived all objections to him ; *that* it must have been a waiver of the objection of interest ; *that* unless they found such waiver to have been made, their verdict should be for the plaintiff to the amount of the execution and costs and fees of service, with interest on the same against all the obligors ; and the principal would be further liable for a sum equal to the interest on the same at the rate of twenty per cent.

The jury returned a verdict for the amount of the execution, costs and interest.

*H. C. Lowell,* for defendants.

The instructions were wrong on both branches of the case.
1. The laws of this State do not require that the justice
shall be free from all possible objection from relationship or
pecuniary interest as an indispensable qualification to their
competency. Being selected by the parties themselves, and
without objection, proceeding in their presence and administering the oath, there is an implied waiver of all objection of
this nature. This objection is like to that which has been
made to *jurors,* and the statutes should receive a similar construction. *Clement* v. *Wyman,* 31 Maine, 56. If this position is correct, the adjudication of the justices and their certificate constituted a perfect defence to this action. 6 Maine,
307 ; 30 Maine, 347 ; 32 Maine, 310 ; 6 Bar. N. Y. R. 589 ;
4 Denio, 73.

2. But if the statute provisions do apply to justices selected by the parties, and the objection was not waived,
then the Judge should have instructed the jury (if either
party *requested* that the *jury* may assess the damages) that
the plaintiff was entitled to *nominal* damages only, " the real
and actual damage and no more", and none being proved the
action could not be maintained. Statute of August 11, 1848,
c. 85, § 2, p. 284 ; *Baker* v. *Carlton,* 32 Maine, 335 ; *Bard*
v. *Wood,* 30 Maine, 156 ; *Sanborn* v. *Keazer,* 30 Maine,
457 ; *Remick* v. *Brown,* 32 Maine, 458.

*H. W. Paine,* for plaintiff.

1. When a statute authorizes proceedings before any tribunal, it is implied that the tribunal shall be disinterested.
*Pearce* v. *Atwood,* 13 Mass. 324.

2. As one of the justices had a direct pecuniary interest
and is one of the defendants, the proceeding was *coram non
judice.*

Therefore no oath has been administered within the intent
of § 2, c. 85, statute of 1848.

HOWARD, J. — The statute of 1848, c. 85, was intended
to provide for poor debtor's relief which prior legislation had

failed to furnish. And it has been repeatedly held, since the passage of that Act, that when a debtor, having given bond to obtain his release from arrest on mesne process, or on execution, or warrant of distress for taxes, has taken the prescribed oath before two justices of the peace and of the quorum, the damages in a suit upon the bond, are to be assessed by the Court or jury, according to the provisions of that Act, ($ 2,) although the magistrates had no jurisdiction for the purposes of the disclosure intended. In such cases, " the amount assessed shall be the real and actual damage and no more." *Bard* v. *Wood*, 30 Maine, 155; *Baker* v. *Carleton*, 32 Maine, 335; *Hathaway* v. *Stone*, 33 Maine, 500, and other cases not reported.

This construction of the statute is conformable to the language of the Act, and, as it is believed, consonant with the will of the legislature. Though, perhaps, the construction might have been different, without doing very great violence to the terms of the Act, or to what might be assumed as the intention of the legislators; yet, the construction given has been acted upon by judicial tribunals, and parties, and known as a part of the present law of the State, and we do not think it advisable to change it, if we had the disposition and the power, for any reasons of public policy, or private right, which have been suggested, or which now occur to us.

The debtor, in this case, had taken the oath prescribed by law, before magistrates competent to administer it, though incompetent to take his disclosure, so as to save a breach of his bond, and as there was no imputation of fraud, he was entitled to have the damages assessed under the Act of 1848, c. 85, $ 2.          *Exceptions sustained, verdict set aside,*
*and the action to stand for trial.*

TENNEY, APPLETON, HATHAWAY and CUTTING, J. J., concurred.